# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * | CIVIL ACTION NO. 25-0137 |
| Plaintiff | * * | |
| VERSUS | * * | SECTION "T" JUDGE GUIDRY |
| BELLSOUTH TELECOMMUNICATIONS, LLC d/b/a AT&T | * * * | MAG. DIV. (5) MAG. JUDGE NORTH |
| Defendant | * * | |

* * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

The EEOC brought this lawsuit challenging a ten-year old facially neutral safety policy in which Bellsouth required that an employee's weight plus clothing, tools, and materials could not exceed the manufacturer's safe load limit for ladders and other equipment. The EEOC contends the policy had a disparate impact on employees with Class III obesity, specifically former field services technician Carlos Avilas, Jr. The EEOC also alleges Bellsouth failed to accommodate Avilas' purported disability of Class III Obesity when it terminated Avilas in 2018 for not complying with its safe load limit policy, and that it subjected him to a hostile work environment.

A recent Executive Order stated "it is the policy of the United States to eliminate the use of disparate-impact liability in all contexts to the maximum degree possible," and directed the EEOC to assess pending civil suits that rely on disparate-impact liability and "take appropriate action in such matters consistent with the policy of this order." Regardless, Class III obesity is a physical characteristic and not a "physical impairment" under the ADA. Even if it were an

impairment, the EEOC did not allege facts to establish Avilas' weight substantially limited him in one or more major life activities. The Complaint should be dismissed in its entirety.

## LEGAL STANDARD

Under Rule 12(b)(6) the court can dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Id.* A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). "Dismissal is proper [either] if the complaint lacks an allegation regarding a required element necessary to obtain relief[,]" *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006), or if "the plaintiff fails to allege a cognizable legal theory." *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Tex.*, 260 F. Supp. 3d 738, 756 (S.D. Tex. 2017), *aff'd sub nom. Residents Against Flooding v. Reinvestment Zone No. Seventeen*, 734 F. App'x 916 (5th Cir. 2018). Furthermore, questions of statutory interpretation are questions of law ripe for resolution at the initial pleadings stage. *See Alcala v. Tex. Webb Cnty.*, 620 F. Supp. 2d 795, 804 (S.D. Tex. 2009) (granting motion to dismiss retaliation claim turning on issue of statutory interpretation); *see also Silver Buckle Mines, Inc. v. United States*, 117 Fed. Cl. 786, 791, n.8 (2014) (agreeing with government's position that because "[s]tatutory interpretation involves a question of law[,] ... such legal issues should be resolved in deciding a motion to dismiss.") (citations omitted)).

**ARGUMENT**

I. **A recent Executive Order stated a policy to eliminate disparate-impact liability and directed the EEOC to "take appropriate action" consistent with that policy.**

On April 23, 2025, President Trump issued an Executive Order stating Executive Order "Disparate-impact liability is wholly inconsistent with the Constitution." *See* Exec. Order, "Restoring Equality of Opportunity and Meritocracy" (Apr. 23, 2025), https://www.whitehouse.gov/presidential-actions/2025/04/restoring-equality-of-opportunity-and-meritocracy/ (last visited Apr. 24, 2025). The Executive Order further declared that "it is the policy of the United States to eliminate the use of disparate-impact liability in all contexts to the maximum degree possible." *See id.* § 2. The Executive Order directed that within 45 days, the Chair of the EEOC shall assess all pending civil suits that rely on disparate-impact liability "and take appropriate action with respect to such matters consistent with the policy of this order." *See id.* § 6. Prior to filing this motion, Bellsouth asked the EEOC whether it planned to take any action based on the Executive Order. The EEOC responded that it was waiting for guidance on how to proceed with the disparate impact claim. Accordingly, Bellsouth is proceeding with this motion to dismiss.

II. **Obesity alone is not a physical impairment under the ADA.**

Regardless of the EEOC's theory, to survive dismissal it must assert facts that, if true, would establish that Avilas qualified for the ADA's protections. *See Thompson v. Microsoft Corp.*, 2 F.4th 460, 467, 470−71 (5th Cir. 2021) (explaining that failure-to-accommodate, discrimination, and hostile work environment claims require showing that plaintiff is disabled under the ADA); *Gonzales v. City of New Braunfels, Tex.*, 176 F.3d 834, 836, 839, n.26 (5th Cir. 1999) (same for disparate impact claims); *see also* 42 U.S.C. § 12112(a)−(b) (explaining ADA protects "qualified individuals[]" from discrimination "on the basis of disability"). The EEOC has not. Rather, the

EEOC makes only conclusory statements that "Avilas is a qualified individual with a disability under the ADA, 42 U.S.C. § 12102 and § 12111(8)":

- "Avilas has impairments—including Class III obesity—that substantially limit one or more major life activities." Compl. ¶ 12.C.

- Avilas "has a record of an impairment that substantially limit one or more major life activities." *Id.* at ¶ 12.D.

- Bellsouth "regarded [] Avilas as having a disability by subjecting him to adverse employment actions … because of actual or perceived impairments—including Class III obesity." *Id.* at ¶ 12.E.

The EEOC's allegation that Avilas had Class III obesity, even if true, is insufficient to establish protection under the ADA because as a matter of law obesity standing alone is a physical characteristic, not an impairment protected by the ADA. *See* 29 C.F.R. § 1630.2(g)−(h); 29 C.F.R. Pt. 1630 app. § 1630.2(h) (2011).

    A.    *Under the EEOC's regulations, obesity standing alone is not an impairment.*

Although Congress has not defined the term "impairment," the EEOC defined "physical impairment" in its implementing regulation as:

> Any **physiological disorder or condition**, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine.

29 C.F.R. § 1630.2(h)(1) (emphasis added). EEOC Interpretive Guidance further clarifies that the definition of "impairment" "does not include physical characteristics such as eye color, hair color, left-handedness, or height, **weight**, or muscle tone that are within 'normal' range and **are not the result of a physiological disorder**." 29 C.F.R. Pt. 1630 app. § 1630.2(h) (2011) (emphasis added). The ADA amendments in 2008 did not change this standard. *See* 29 C.F.R. Pt. 1630, App'x § 1630.2(h) (noting that "Congress 'expect[s] that the current regulatory definition of

4

[physical impairment], as promulgated by [the EEOC] will not change'" (citation omitted)). As a result, obesity alone is not an impairment. It must be the result of a physiological disorder to qualify for protection under the ADA.

      B.    *Circuit courts have held the ADA does not protect obesity without a physiological disorder.*

While the Fifth Circuit has not weighed in,[1] other circuit courts have universally determined that the ADA requires a physiological cause or condition for obesity to be covered as physical impairment. *See Richardson v. Chicago Transit Auth.,* 926 F.3d 881, 887-888 (7th Cir. 2019) ("Without evidence that [plaintiff's] extreme obesity was caused by a physiological disorder or condition, his obesity is not a physical impairment under the plain language of the EEOC regulation."); *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1108–13 (8th Cir. 2016) ("[E]ven weight outside the normal range—no matter how far outside that range—must be the result of an underlying physiological disorder to qualify as a physical impairment under the ADA."); *EEOC v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 441–43 (6th Cir. 2006) ("[T]o constitute an ADA impairment, a person's obesity, even morbid obesity, must be the result of a physiological condition."); *Francis v. City of Meriden*, 129 F.3d 281, 286 (2d Cir. 1997) ("[O]besity, except in special cases where the obesity relates to a physiological disorder, is not a 'physical impairment' within the meaning of the statutes.").

In *Morriss,* the Eighth Circuit examined the implementing regulation and the EEOC's Interpretive Guidance and concluded "weight is generally a physical characteristic that qualifies as a physical impairment only if it falls outside the normal range *and* it occurs as the result of a

---

[1] In *Lumar v. Monsanto Co*., the Fifth Circuit addressed an ADA claim based on morbid obesity but did not decide whether that met the ADA's definition of impairment. Rather, the court affirmed summary judgment for the employer finding even assuming morbid obesity could be an impairment, the plaintiff did not put forth evidence of any limitation of a major life activity. *See* 795 F. App'x 293, 294 (5th Cir. 2020). "Thus, Lumar has not shown he has a disability." *See id.* at 294.

physiological disorder." *Morriss*, 817 F.3d at 1108 (emphasis in original). The court explained its conclusion was a "natural reading" of the Interpretive Guidance, which states that "[t]he definition of the term 'impairment' does not include physical characteristics such as ... weight ... that are within 'normal' range and are not the result of a physiological disorder." *Morriss*, 817 F.3d at 1108 (quoting 29 C.F.R. Pt. 1630 App'x § 1630.2(h)).

In *Richardson v. Chicago Transit Authority*, the Seventh Circuit reached the same conclusion. *See* 926 F.3d at 890. The court rejected the plaintiff's contention that obesity could qualify as an impairment if *either* the person's weight was outside the normal range *or* was the result of a physiological disorder because it would lead to results "inconsistent with the ADA's text and purpose." *Id.* The court explained:

> The EEOC defines physical impairment as a "physiological disorder or condition." 29 C.F.R. § 1630.2(h)(1). It is directly contrary to that definition to consider a physical characteristic such as weight, even if outside the "normal range," a physical impairment absent evidence of an underlying physiological condition.

*Id.* The Seventh Circuit also considered and rejected as "unpersuasive" amici arguments of "[p]atient and scientific professional organizations" who "insist[ed] that because both the medical community and federal and state policymakers understand obesity as a disease, obesity is *in and of itself* a physiological disorder and therefore a physical impairment within the definition of the ADA." 926 F.3d at 891. The court observed that, adopting the amici's position would lead to the "unavoidable, unrealistic result" that as much as 40% of the American adult population automatically has an ADA impairment. *Id*. The court noted that, although plaintiff offered evidence that his hypertension and sleep apnea were "related to" his obesity, he failed to present evidence that either condition actually *caused* his extreme obesity, and therefore, his extreme obesity did not qualify as an impairment within the meaning of the ADA and the EEOC regulation. *See id.*

6

Similarly, district courts regularly reject attempts to extend the protections of the ADA to a plaintiff whose obesity lacks a physiological cause. *See, e.g.*, *Wilson v. TK Elevators Corp.*, No. 24-4041, 2024 WL 4604392, at *5 (N.D. Iowa Oct. 29, 2024); *Sturgill v. Norfolk S. Ry. Co.*, No. 18-566, 2019 WL 1063374, at *3–4 (E.D. Va. Mar. 6, 2019); *Brownwood v. Wells Trucking, LLC*, No. 16-01264, 2017 WL 9289453, at *6 (D. Colo. Nov. 9, 2017); *Silva v. Bd. of Cty. Comm'rs for the Cty. of Roosevelt*, No. 15-1046, 2017 WL 4325769, at *7–8 (D.N.M. Sept. 26, 2017); *Valtierra v. Medtronic Inc.*, 232 F. Supp. 3d 1117, 1123–25 (D. Ariz. 2017); *Taylor v. Burlington N. R.R. Holdings, Inc.*, No. 11-1289, 2016 WL 632077, at *6 (W.D. Wash. Feb. 17, 2016); *Revolinski v. Amtrak*, No. 08-1098, 2011 WL 2037015, at *11 (E.D. Wis. May 24, 2011); *Hayes v. Wal-Mart Stores, Inc.*, 781 F. Supp. 2d 1080, 1091 (D. Or. 2011); *Ni v. Rite Aid of N.J.*, No. 10-1522, 2010 WL 2557523, at *3 (D.N.J. June 22, 2010); *Hill v. Verizon Md., Inc.*, No. 07-3123, 2009 WL 2060088, at *6 (D. Md. July 13, 2009); *Ivey v. D.C.*, 949 A.2d 607, 612–13 (D.C. 2008).

Although two district courts in the Fifth Circuit held severe obesity alone could qualify as a disability, those decisions are distinguishable because they relied on guidance that is now outdated. *See EEOC v. Res. for Human Dev., Inc.*, 827 F. Supp. 2d 688, 694−695 (E.D. La. 2011) (holding that "severe obesity qualifies as a disability under the ADA" based on EEOC's Compliance Manual language at the time stating 'severe obesity, which has been defined as body weight more than 100% over the norm, is clearly an impairment.'"); *McCollum v. Livingston*, No. 14-3253, 2017 WL 608665, at *35 (S.D. Tex. Feb. 3, 2017) (relying on holding in *Resources for Human Development, Inc.*). Both decisions relied on language that was then part of the EEOC Compliance Manual, but as the Seventh Circuit observed in *Richardson* the EEOC has since removed that language. *See* Section 902 Definition of the Term Disability, https://www.eeoc.gov/policy/docs/902cm.html#902.2c5 (last visited Apr. 16, 2025) ("The

7

requested page could not be found."); *Richardson*, 926 F.3d at 890, n.5 (noting removal of Compliance Manual); *Brownwood*, 2017 WL 9289453, at *6 (noting the removal of Compliance Manual from the EEOC's website indicated that the ADAAA superseded the analysis contained therein). Further, deference to EEOC interpretive guidelines should be given only "to the extent it is reasonable and *harmonizes with the plain language of the statute, its origin and purposes.*" *E.E.O.C. v. Exxon Corp.*, 203 F.3d 871, 873 (5th Cir. 2000) (emphasis added) (citation omitted); *see also Richardson*, 926 F.3d at 890 (noting that courts "do not defer to EEOC guidance that is contrary to the text of the regulation it purports to interpret"). As multiple circuits have held, the regulatory language and Interpretive Guidance confirm that obesity – even severe or morbid obesity – does not qualify as an impairment without a physiological cause. *Morriss*, 817 F.3d at 1108–13; *Watkins Motor Lines, Inc.*, 463 F.3d at 441–43; *Francis*, 129 F.3d at 286–87. As a result, all the EEOC's claims, regardless of the theory, fail to state a claim because even if true, Avilas' obesity is not enough to establish protection of the ADA.

> III. **Even if true, the EEOC's allegations that Bellsouth acted because it regarded Avilas as obese fails to state a claim.**

Because Avilas' obesity does not qualify as an impairment, the EEOC's claim that Bellsouth took action against Avilas because it perceived him as obese fails to state a claim under the ADA. In support of its "regarded as" claim, the EEOC alleges only that Bellsouth "regarded Mr. Avilas as having a disability by subjecting him to adverse actions ... because of actual or perceived impairments—including Class III obesity." Compl. ¶ 12.E. Even if true, if Bellsouth regarded Avilas as obese, that is insufficient to state a claim under the ADA because obesity alone is not an ADA impairment.

> The ADA states:
>
> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an

8

> action prohibited under this chapter because of an actual or *perceived physical or mental impairment* whether or not the impairment limits or is perceived to limit a major life activity.

*Id.* at § 12102(3)(A) (emphasis added). A plaintiff states a plausible "regarded as" claim if he alleges "that the employer believed, however erroneously, that the plaintiff suffered from an 'impairment' that, if it truly existed, would be covered under the statutes." *Francis*, 129 F.3d at 285; *see also* Morriss, 817 F.3d at 1113 (stating that a plaintiff asserting a "regarded as" claim under the ADA based on obesity must, "as a threshold matter, ... show that [the employer] perceived his obesity to be a condition that met the definition of 'physical impairment'").[2]

In *Francis v. City of Meridien*, the Second Circuit affirmed dismissal of the plaintiff's complaint, plaintiff did not state a cognizable ADA claim where plaintiff "allege[d] only that [defendant] regarded him as disabled because it disciplined him for failing to meet a weight standard applied to all of its employees" and not "because it perceived him as suffering from a physiological weight-related disorder." *Id.* (emphasis added). The Second Circuit explained:

> It would be inconsistent with these purposes to construe the acts to reach alleged discrimination by an employer on the basis of a simple physical characteristic, such as weight. This would make the central purpose of the statutes, to protect the disabled, incidental to the operation of the "regarded as" prong, which would become a catch-all cause of action for discrimination based on appearance, size, and any number of other things far removed from the reasons the statutes were passed.

129 F.3d at 287. *See, also, Wilson*, 2024 WL 4604392, at *5 (dismissing via Rule 12(b)(6) plaintiff's claim that his employer regarded him as a weight disorder.).

---

[2] *See also Flanner v. Chase Inv. Servs. Corp.*, 600 F. App'x 914, 922 (5th Cir. 2015) (finding employer's knowledge that plaintiff had undergone heart surgery insufficient to establish an ADA violation based on "regarded as" theory); *Lumar v. Monsanto Co.,* 395 F. Supp. 3d 762, 779 (E.D. La. 2019), *aff'd*, 795 F. App'x 293 (5th Cir. 2020).

9

Similarly here, the EEOC did not state a claim under the ADA because it alleges only that Bellsouth regarded him as disabled because of his weight, not because of any physiological weight-related disorder.

### IV. Even if true, the EEOC's allegations that Bellsouth acted based on Avilas' "record of" obesity fails to state a claim.

Because Avilas' obesity does not qualify as an impairment, the EEOC's claim that Bellsouth took action against Avilas because of a "record of" obesity fails to state a claim. An individual "has a record of disability if the individual has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. 1630.2(k)(1). As discussed above, an "impairment" requires a physiological cause.

The EEOC merely regurgitates the general legal standard: "Avilas has a record of an impairments [sic] that substantially limit one or more major life activities." Compl. ¶ 12.D. The EEOC does not allege any facts to support that allegation and does not allege facts to show that Avilas had a history of physiological weight disorder or was ever misclassified as having such, nor does it allege facts to show that Avilas advised Bellsouth at any point during his employment of any condition other than his weight. As a result, the EEOC failed to state a claim under the ADA.

### V. Even assuming obesity is an impairment, the EEOC failed to state a claim because it did not allege facts to show Avilas' obesity substantially limited him in any major life activities.

Even assuming Avilas' obesity constitutes an impairment under the ADA, the plaintiff must still prove that his obesity "substantially limits a major life activity" to qualify as a disability under the ADA. *See Lumar v. Monsanto Co.*, 395 F. Supp. 3d 762, 778−79 (E.D. La. 2019), *aff'd*, 795 F. App'x 293 (5th Cir. 2020) (citing *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 190 (5th Cir. 1996)). "Neither the Supreme Court nor [the Fifth Circuit] has recognized the concept of a *per*

*se* disability under the ADA, no matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies." *Id.* (quoting *Griffin v. United Parcel Service, Inc.*, 661 F.3d 216, 223 (5th Cir. 2011) (alteration in original)). "Thus, standing alone, the diagnosis of a condition such as morbid obesity is insufficient to trigger the protections of the ADA when it does not limit life activities or work." *Id.*

In *Lumar*, the plaintiff, who was obese, filed suit under the ADA claiming that his employer discriminated against him by prohibiting him from performing certain duties such as climbing stationary ladders and using other equipment due to his weight. 395 F. Supp. 3d at 779. The court held even assuming obesity was an impairment, the plaintiff did not qualify for the protections of the ADA because his obesity did not limit any major life activities or prevent him from performing his assigned duties. *Id.* The Court reasoned:

> No where [sic] in the complaint and records before the Court has plaintiff alleged or established that he is unable or limited in ability to complete any of [sic] major life activities because of his obesity. To the contrary, plaintiff adamantly argues that he can function in life, to climb and work at Monsanto, and essentially has no debilitating physical side effects from his weight.
>
> * * *
>
> He also contends that he can do his job and climb the ladders Monsanto prevented him from using. These undisputed facts take Lumar outside of the ADA definitions from which he seeks protection.

*Id.*

Here, the EEOC asserts only a conclusory allegation that "Avilas has impairments—including Class III obesity—that substantially limit one or more major life activities." Compl. ¶ 12.C. However, the EEOC did not allege facts showing Avilas' obesity interfered with any major life activities. Courts in the Fifth Circuit have consistently dismissed claims under Rule 12(b)(6) based on threadbare allegations such as these. *See, e.g.*, *Smith v. Terminix Pest Control, Inc.*, No.

11

22-3701, 2023 WL 7688572, at *3 (E.D. La. Nov. 15, 2023) ("Plaintiff only offers the bald conclusory allegation that his asthma substantially limits him from the major life activity of working without providing additional allegations to support a plausible claim that he has a disability under the ADA.") (citing *Hernandez v. W. Tex. Treasures Estate Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023)); *Fierro v. Knight Transp.*, No. 12-00218, 2012 WL 4321304, at *3 (W.D. Tex. Sept. 18, 2012) (finding that a plaintiff "is required to plead facts giving rise to an inference his [impairment] substantially limits one or more of his 'major life activities'").[3] Therefore, even if obesity standing alone were an impairment under the ADA, the Complaint nonetheless still fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, Bellsouth respectfully requests that this Court grant its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing all of the EEOC's claims against it, and grant such additional relief as this Court may deem appropriate under the circumstances.

---

[3] *See also Picou v. Terminix Pest Control, Inc.*, No. 22-3700, 2023 WL 7687780, at *2 (E.D. La. Nov. 15, 2023) (dismissing failure to accommodate claim where plaintiff failed to plead sufficient facts to support the conclusion that plaintiff had an ADA disability), *aff'd sub nom. Hughes v. Terminix Pest Control, Inc.,* Nos. 23-30617, 23-30846, and 23-30856, 2024 WL 3440465 (5th Cir. July 17, 2024); *Neubel-Johnson v. Collin Coll.*, No. 22-1029, 2023 WL 10352170, at *3 (E.D. Tex. Dec. 27, 2023), *report and recommendation adopted*, 2024 WL 1020564 (E.D. Tex. Mar. 8, 2024) ("Plaintiff does not explain what her alleged disabilities are, how they substantially limit one or more major life activities, or why they otherwise constitute disabilities within the meaning of the ADA. . . . Due to this omission, Plaintiff fails to state a discrimination claim.").

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ Erin Pelleteri Howser*
ERIN PELLETERI HOWSER (#30666)
EMILY OLIVIER KESLER (#37747)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
epelleteri@bakerdonelson.com
ekesler@bakerdonelson.com

**ATTORNEYS FOR BELLSOUTH TELECOMMUNICATIONS, LLC**