UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * | CIVIL ACTION NO. 2:25-CV-0137 |
| Plaintiff | * * | JUDGE GREG G. GUIDRY |
| VERSUS | * * | MAG. JUDGE MICHAEL B. NORTH |
| BELLSOUTH TELECOMMUNICATIONS, LLC d/b/a AT&T | * * * | |
| Defendant | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO CONTINUE SCHEDULING CONFERENCE</u>**

Defendant Bellsouth Telecommunications, LLC ("Bellsouth") moves this Court for an Order continuing the scheduling conference scheduled for May 29, 2025 at 10:30 a.m. (Doc. 14) until after the Court has resolved Bellsouth's pending Motion to Dismiss (Doc. 9).

On April 25, 2025, Bellsouth filed its Motion to Dismiss the Complaint filed by Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss"). The EEOC filed an Opposition to the Motion to Dismiss (Doc. 12) and Bellsouth filed a Reply in response to the EEOC's Opposition (Doc. 15). The Motion to Dismiss is currently under submission. *See* Doc. 9-2.

Given that the pending Motion to Dismiss seeks dismissal of the entirety of the EEOC's suit, Bellsouth submits a brief continuance of the scheduling conference promotes judicial economy and avoids unnecessary waste of time and resources. If the scheduling conference

proceeds as scheduled, the parties will be incurring costs and burdens that may be ultimately mooted or substantially altered by this Court's resolution of the pending Motion to Dismiss.

Bellsouth contacted the EEOC's counsel to obtain its position on the requested continuance, and the EEOC's counsel advised that it is not opposed to a continuance of the current May 29, 2025 conference. However, the EEOC indicated that it would only agree to a continuance of 60 days from May 23, 2025 (on or through July 22, 2025), with the further condition that a scheduling conference would be held within 15 days of any ruling on the Motion to Dismiss prior to July 7, 2025.

This Court has the power to control its own docket, including to continue a scheduling conference. *See Edwards v. Cass Cnty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket. This includes the ambit of scheduling orders and the like."); *Taylor v. Combustion Engineering, Inc.*, 782 F.2d 525 (5th Cir. 1986) ("The district court has the power, both specific and inherent, to control its docket."); *see also* Fed. R. Civ. P. 16(b)(2) (providing that the issuance of a scheduling order may be delayed where "the judge finds good cause for delay"). In this case, good cause exists to continue the scheduling conference given that a favorable ruling on the Motion to Dismiss will moot the scheduling conference altogether. A brief continuance pending the resolution of the Motion to Dismiss would promote judicial economy and benefit all parties as resolution of the pending 12(b)(6) motion may eliminate or otherwise narrow the scope of claims at issue in this case. Given these interests in favor of a continuance, Bellsouth requests the scheduling conference be continued until after the Court adjudicates the Motion to Dismiss.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

*/s/ Erin Pelleteri Howser*
ERIN PELLETERI HOWSER (#30666)
EMILY OLIVIER KESLER (#37747)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
epelleteri@bakerdonelson.com
ekesler@bakerdonelson.com

**ATTORNEYS FOR BELLSOUTH
TELECOMMUNICATIONS, LLC**

3